## DUGAN v. LOYD.

September 29, 1838.

*Rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.*

Agreement between A. and B., in which A. agrees to pay B. ten thousand dollars within one year from the date, or *at any period thereafter, when thereunto required* by B., and *on payment* of that sum, B. agrees to reconvey certain rent-charges to A., which A. had conveyed to B., as security for a loan to that amount. The year having elapsed, B. sues A. in covenant for the ten thousand dollars, and files a copy of the agreement: *Held,*

1. The agreement is not such an instrument for the payment of money, which will entitle the plaintiff to a judgment for want of an affidavit of defence, under the act of 28th March, 1835, being *conditional* as to certain acts to be performed by plaintiff.

2. Nor under this act, in such a case, will the plaintiff's affidavit filed, averring the performance of the acts, cure the defect, so as to entitle the plaintiff to judgment.

THIS was an action of covenant brought to September term, 1838, No. 117. The plaintiff filed the following copy of an instrument of writing under the act of 28th March, 1835.

"I, Isaac S. Loyd, having this day conveyed to Joseph Dugan, his heirs and assigns, six several yearly rent-charges, of one hundred dollars each per annum, payable half yearly by John Waterhouse, and issuing out of six contiguous lots or pieces of ground, with the buildings and improvements thereon erected, situate on the south side of Locust Street, between Schuylkill Second and Third Streets, in the city of Philadelphia, do hereby, for myself, my heirs, executors and administrators, covenant, promise and agree to, and with the said Joseph Dugan, his heirs and assigns, to guarantee the punctual payment of the said six several yearly rent-charges of one hundred dollars per annum each, on the first days of July and January, in each and every year hereafter for ever; and also to pay to the said Joseph Dugan, his heirs and assigns, within one year from this date, the principal money of the said ground-rents, being ten thousand dollars, or at any period thereafter, when thereunto required by the said Joseph Dugan, his heirs and assigns, and on payment

[Dugan v. Loyd.]

of the principal money and arrears of ground-rent, he, the said Joseph Dugan, his heirs and assigns, shall and will reconvey the said six yearly rent-charges to me, my heirs, executors, and administrators. The aforesaid six yearly rent-charges being conveyed by me, to the said Joseph Dugan, his heirs and assigns, as a collateral security for the repayment of the sum of ten thousand dollars. In witness whereof, I, the said Isaac S. Loyd, have hereunto set my hand and seal, this twentieth day of the second month (February,) Anno Domini, one thousand eight hundred and thirty-seven.

Isaac S. Loyd, [l. s.]"

Sealed and delivered in presence of us,
  *John Bonsall, James H. Castle.*
Acknowledged and recorded same day.

The plaintiff also filed the following affidavit:

"Before me, the subscriber, one of the Aldermen of the City of Philadelphia, personally appeared the above named Joseph Dugan, who being duly sworn, did depose and say, that on or about the 20th day of February, 1838, and on several subsequent occasions, he has required the above named Isaac S. Loyd to pay him, the said Joseph Dugan, the above mentioned sum of ten thousand dollars, together with such arrears of the above described ground-rents, as were then severally due, according to the terms of the above instrument. But that the said Isaac S. Loyd has neglected and refused and does still neglect and refuse to pay the said sum of money and arrears of ground-rents, which are justly due to the said deponent, wherefore he brings his suit."

The defendant filed the following affidavit of defence:

"Isaac S. Loyd, the above defendant, being duly affirmed, doth say: that he has a just and legal defence to the whole of the plaintiff's claim, of the nature and character following, viz.: He is advised by his counsel, that the paper filed, on which suit is brought, is not such as of itself to entitle the plaintiff to judgment. He also is advised that the affidavit of the plaintiff annexed to the paper filed, forms no part of it, and is irregularly appended to the record.

"He is further advised, that no suit can be maintained against him for the alleged cause of action, and of course, that no judgment can be had against him without a tender to him by the plaintiff, of a proper deed of the ground-rents referred to, prior to

[Dugan v. Loyd.]

the commencement of any suit, and he avers, that no such tender was made prior to the commencement of the present action."

The plaintiff obtained a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.

*Pleasonton*, for the rule.
*T. I. Wharton*, contra.

PER CURIAM.—The question is whether the agreement of the 20th of February, 1837, is such " an instrument of writing for the payment of money" as entitles the plaintiff to judgment under the act of 28th March, 1835. We altogether exclude the consideration of the plaintiff's affidavit, there being no warrant for it in a case like this. The agreement is in substance that the defendant shall pay the plaintiff ten thousand dollars, within a year from its date, or at any time after *when required*; and *at the same time*, plaintiff is to reconvey the rent-charges to the defendant. Now we have always held that an " instrument of writing for the payment of money," to enable the plaintiff to have summary judgment under the act must be positive and unconditional, qualified however by the rule in Bayard *v.* Gillaspey, (1 *Miles* 256,) where an instrument containing the promise on its face referring to another to ascertain the amount, both being filed, may be taken as one. (And see Montgomery *v.* Johnson, and Hansell *v.* Nelson, 1 *Miles* 324, 340.) This is not such an instrument. The year for the payment of the ten thousand dollars elapsed before suit was brought, and after that defendant was to pay *when required*, a condition precedent to plaintiff's right to sue, and of which requisition we are not judicially informed. Again the plaintiff is to reconvey the rent-charges *on* payment of the ten thousand dollars, that is to say, at the same time. Now the tender of the reconveyance by the plaintiff to the defendant, not only does not appear, but the contrary is averred in the affidavit of defence. On this subject, *Platt* in his work on *Covenants*, states the rule (p. 106,) gathered from all the cases to be, that if the acts contracted for by the parties, are to be performed *at the same time*, neither one can maintain an action without showing a performance of, or an offer to perform his part, though it be not certain which of the parties is obliged to do the first act.

STROUD, J., was absent.

Rule discharged.